EXHIBIT A

Hand delivered
11/2/20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
MUKHTAR NAHSHAL and MOHAMED NAHSHAL,

                             Plaintiff

            -against-

BOYISE EDDIE DENMARK and MILLER AUTO
LEASING CO.,

                           Defendants.
------------------------------------------------------------------X

Index No.:
Date Purchased: 8/22/2020

Plaintiff designates
BRONX County
As the Place of Trial

## SUMMONS

The basis for venue is the place of occurrence of the subject accident.

**TO THE ABOVE NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this Action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's attorneys within twenty (20) days after service of this Summons, exclusive of the day of service (or within 30 days after the service is completed if this Summons is not personally delivered to you within the State of New York); and in the case of your failure to Appear or Answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Staten Island, New York
       August 22, 2020

SLATER, SGARLATO & CAPPELLO, P.C.

By: Shaun Gregory White
Attorneys for Plaintiff(s)
1298 Victory Boulevard
Staten Island, New York 10301
Tel.# (718) 448-6400
File No.: 5402 (a) and 5402 (b)

---

TO:    BOYISE EDDIE DENMARK, 10840 NW 35th Place, Sunrise, Florida 33351

         MILLER AUTO LEASING CO., 1592 Route 38, Lumberton, New Jersey 08048

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
MUKHTAR NAHSHAL and MOHAMED NAHSHAL,

                          Plaintiffs,

            - against -

BOYISE EDDIE DENMARK and MILLER AUTO
LEASING CO.,

                        Defendants.
-----------------------------------------------------------------------X

Index No.:
Date Purchased: 8/22/2020

**VERIFIED COMPLAINT**

      Plaintiffs, by their attorneys, SLATER, SGARLATO & CAPPELLO, P.C., complaining of the Defendants, respectfully allege as follows upon information and belief:

      1.     At all times herein mentioned, plaintiff, **MUKHTAR NAHSHAL**, was and still is a resident of the city of Mount Vernon, County of Westchester, and State of New York.

      2.     At all times herein mentioned, plaintiff, **MOHAMED NAHSHAL**, was and still is a resident of the city of Mount Vernon, County of Westchester, and State of New York.

      3.     That at all times hereinafter mentioned, **EMAD M. NASHAL**, who is not a party to this action was the owner of a 2004 Toyota motor vehicle bearing New York State license plate number JEJ4175.

      4.     That at all times hereinafter mentioned, plaintiff, **WAZIR N. ALSAIDI**, who is not a party to this action was the operator of the above-referenced 2004 Toyota motor vehicle bearing New York State license plate number JEJ4175.

      5.     That at all times hereinafter mentioned, **RHONDA K. FINN**, who is not a party to this action was the owner of a 2006 Ford motor vehicle bearing New York State license plate

1

number EBE7310.

6. That at all times hereinafter mentioned, **TODD W. NORMAN**, who is not a party to this action was the operator of the aforementioned 2006 Ford motor vehicle bearing New York State license plate number EBE7310.

7. That at all times hereinafter mentioned, the defendant, **MILLER AUTO LEASING CO.**, was and still is a foreign corporation, organized and existing under and by virtue to the laws of the State of New Jersey and is not authorized to operate in the State of New York.

8. That at all times hereinafter mentioned, the defendant, **MILLER AUTO LEASING CO.**, was the owner of a 2016 Hino motor vehicle bearing New Jersey State license plate number XDHW30.

9. That at all times hereinafter mentioned the defendant, **BOYISE EDDIE DENMARK**, was and still is a resident of the State of Florida.

10. That at all times hereinafter mentioned the defendant, **BOYISE EDDIE DENMARK**, was the operator of the aforementioned 2006 Ford motor vehicle bearing New Jersey State license plate number XDHW30.

11. That at all times hereinafter mentioned the defendant, **BOYISE EDDIE DENMARK**, was the operator of the aforementioned 2016 Hino motor vehicle bearing New Jersey State license plate number XDHW30 with the knowledge and permission of the defendant and owner, **MILLER AUTO LEASING CO.**

12. That at all times hereinafter mentioned the plaintiff, **MUKHTAR NAHSHAL,** was a passenger of the above referenced 2004 Toyota motor vehicle bearing New York State license plate number JEJ4175.

2

13. That at all times hereinafter mentioned the plaintiff, **MOHAMED NAHSHAL**, was a passenger of the above referenced 2004 Toyota motor vehicle bearing New York State license plate number JEJ4175.

14. That at all times hereinafter mentioned, Interstate 87, also known as the "Major Deegan Expressway", passes through the County of Bronx, City and State of New York, was and still is a public roadway and/or thoroughfare.

15. That at all times hereinafter mentioned that the northbound lane of Interstate 87, also known as the "Major Deegan Expressway", one-tenth of a mile north of 165th Street, Bronx, New York, is in the County of Bronx, City and State of New York, was and still is a public roadway and/or thoroughfare.

16. That on August 5, 2019, plaintiff, **MUKHTAR NAHSHAL**, was a passenger while the aforementioned non-party, **WAZIR N. ALSAIDI**, was operating the aforementioned 2004 Toyota motor vehicle at the aforementioned location.

17. That on August 5, 2019, the aforementioned non-party, **WAZIR N. ALSAIDI**, was operating the aforementioned Toyota motor vehicle at the aforementioned location and was slowed or stopped in the middle lane of the northbound side, with traffic ahead of him and upon information and belief the aforementioned 2006 Ford that was operated by the aforementioned non-party, **TODD W. NORMAN** was slowed or stopped behind 2004 Toyota vehicle.

18. That on August 5, 2019, at the aforementioned location, the motor vehicle operated by defendant, **BOYISE EDDIE DENMARK**, struck the motor vehicle operated by the aforementioned non-party, **TODD W. NORMAN**.

19. That on August 5, 2019, at the aforementioned location, the motor vehicle operated

3

by defendant, **BOYISE EDDIE DENaMARK**, violently struck the motor vehicle operated by the aforementioned non-party, **TODD W. NORMAN**.

20. That as a result of the aforementioned violent contact the aforementioned 2006 Ford motor vehicle operated by non-party, **TODD W. NORMAN**, was caused to be propelled into the vehicle operated by the aforementioned non-party, **WAZIR N. ALSAIDI**, in which the plaintiffs, **MUKHTAR NAHSHAL** and **MOHAMED NASHAL** were passengers.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF THE PLAINTIFF, MUKHTAR NAHSHAL:

21. That at all times hereinafter mentioned, plaintiff, **MUKHTAR NAHSHAL**, repeats, reiterates and realleges each and every allegation contained in the paragraphs "1" through "20" of this Complaint herein, as though more fully set forth herein at length.

22. That on August 5, 2019, at the aforementioned location, the aforesaid motor vehicles were in contact.

23. That on August 5, 2019, at the aforementioned location, the aforesaid motor vehicles were in violent contact.

24. That on August 5, 2019, at the aforementioned location, plaintiff, **MUKHTAR NAHSHAL**, was caused to be violently precipitated in and about her vehicle as a result of said impact.

25. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendants herein.

26. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendants without any fault or negligence on the part of the plaintiff,

4

**MUKHTAR NAHSHAL**, contributing thereto.

27. That the aforesaid occurrence and the resulting injuries to plaintiff, **MUKHTAR NAHSHAL** were caused solely by reason of the negligence, carelessness and recklessness of the defendants in their ownership, management, maintenance, supervision, operation and control of their motor vehicle and in negligently entrusting said motor vehicle to defendant **BOYISE EDDIE DENMARK** on the date of the occurrence and prior thereto.

28. The aforesaid occurrence and resulting injuries to plaintiff, **MUKHTAR NAHSHAL**, were due to the careless, reckless and the negligent conduct of the defendants, **BOYISE EDDIE DENMARK and MILLER AUTO LEASING CO.**, in the maintenance, management, operation, control and supervision of said motor vehicle and in failing to act with the appropriate due care and diligence required, which resulted in the accident claimed herein.

29. That on August 5, 2019, as a result of the foregoing, plaintiff, **MUKHTAR NAHSHAL**, was injured.

30. That on August 5, 2019, as a result of the foregoing, plaintiff, **MUKHTAR NAHSHAL**, was seriously injured.

31. That by reason of the foregoing, plaintiff, **MUKHTAR NAHSHAL**, sustained severe and permanent injuries; and was otherwise damaged.

32. That by reason of the foregoing, plaintiff, **MUKHTAR NAHSHAL**, sustained serious injuries as defined in of the Insurance Law §5102 (d) of the State of New York.

33. That by reason of the foregoing, plaintiff, **MUKHTAR NAHSHAL**, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of Insurance Law §5104 of the State of New York.

5

34. That this action falls within one or more of the exceptions as set forth in CPLR §1602.

35. That by reason of the foregoing and as a result of the negligence of the defendants herein, plaintiff demands judgement in a sum exceeding the monetary jurisdiction and limits of all lower courts in addition to the costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF THE PLAINTIFF, MOHAMED NAHSHAL

36. That at all times hereinafter mentioned, plaintiff, **MOHAMED NAHSHAL**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" of this Complaint herein, as though more fully set forth herein at length.

37. That on August 5, 2019, at the aforementioned location, the aforesaid motor vehicles were in contact.

38. That on August 5, 2019, at the aforementioned location, the aforesaid motor vehicles were in violent contact.

39. That on August 5, 2019, at the aforementioned location, plaintiff, **MOHAMED NAHSHAL**, was caused to be violently precipitated in and about her vehicle as a result of said impact.

40. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendants herein.

41. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendants without any fault or negligence on the part of the plaintiff, **MOHAMED NAHSHAL**, contributing thereto.

6

42. That the aforesaid occurrence and the resulting injuries to plaintiff, **MOHAMED NAHSHAL** were caused solely by reason of the negligence, carelessness and recklessness of the defendants in their ownership, management, maintenance, supervision, operation and control of their motor vehicle and in negligently entrusting said motor vehicle to defendant **BOYISE EDDIE DENMARK** on the date of the occurrence and prior thereto.

43. The aforesaid occurrence and resulting injuries to plaintiff, **MOHAMED NAHSHAL**, were due to the careless, reckless and the negligent conduct of the defendants, **BOYISE EDDIE DENMARK and MILLER AUTO LEASING CO.**, in the maintenance, management, operation, control and supervision of said motor vehicle and in failing to act with the appropriate due care and diligence required, which resulted in the accident claimed herein.

44. That on August 5, 2019, as a result of the foregoing, plaintiff, **MOHAMED NAHSHAL**, was injured.

45. That on August 5, 2019, as a result of the foregoing, plaintiff, **MOHAMED NAHSHAL**, was seriously injured.

46. That by reason of the foregoing, plaintiff, **MOHAMED NAHSHAL**, sustained severe and permanent injuries; and was otherwise damaged.

47. That by reason of the foregoing, plaintiff, **MOHAMED NAHSHAL**, sustained serious injuries as defined in of the Insurance Law §5102 (d) of the State of New York.

48. That by reason of the foregoing, plaintiff, **MOHAMED NAHSHAL**, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of Insurance Law §5104 of the State of New York.

49. That this action falls within one or more of the exceptions as set forth in CPLR

7

§1602.

50. That by reason of the foregoing and as a result of the negligence of the defendants herein, plaintiff demands judgement in a sum exceeding the monetary jurisdiction and limits of all lower courts in addition to the costs and disbursements of this action.

**WHEREFORE**, plaintiffs demand judgment on the First and Second Causes of Action in an amount which will fairly compensate for all losses sustained and which exceeds the jurisdictional monetary limits of all the lower Courts in the State of New York, which would otherwise have jurisdiction of this matter, with interest.

Dated: Staten Island, New York  
       August 22, 2020

SLATER, SGARLATO & CAPPELLO, P.C.

By: Shaun Gregory White  
Attorneys for Plaintiff(s)  
1298 Victory Boulevard  
Staten Island, New York 10301  
Tel.# (718) 448-6400  
File No.: 5402 (a) and 5402 (b)

## VERIFICATION

I, SHAUN GREGORY WHITE, am an attorney duly admitted to practice in the Courts of the State of New York, state that I am of counsel with the firm of SLATER, SGARLATO CAPPELLO, P.C., attorneys for Plaintiff in the within action.

That I have read the foregoing **SUMMONS & COMPLAINT** and know the contents thereof. That the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe it to be true. The sources of my information and grounds for my belief are based upon investigation and material contained in the file maintained by this office in connection with this matter.

The verification is made by me as counsel for the reason that the Plaintiffs are not currently in the county within which the offices of SLATER, SGARLATO & CAPPELLO, P.C. are located.

I hereby affirm under penalty of perjury as is provided in the CPLR, that the foregoing statement is true.

Dated: Staten Island, New York
August 22, 2020

_____
SHAUN GREGORY WHITE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX                         Index No.
================================================================
MUKHTAR NAHSHAL and MOHAMED NAHSHAL,

                              Plaintiff(s),
    -against-

BOYISE EDDIE DENMARK and THE MILLER AUTO LEASING CO.,

                             Defendant(s).
================================================================
**SUMMONS AND VERIFIED COMPLAINT WITH
NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING**
================================================================
SLATER, SGARLATO & CAPPELLO, P.C.
Attorneys for Plaintiff(s)
Office & P.O. Address
1298 Page Avenue
Staten Island, New York 10301
(718) 448-6400
================================================================
To:                                   Service of a copy of the within
is hereby admitted.

Dated:_____20____
Attorney(s) for
================================================================
PLEASE TAKE NOTICE:

[ ] NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on
20        .

[ ] NOTICE OF SETTLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within named Court, at                              on
20        at        M.
Dated
                                              Yours, etc.
                                     **SLATER, SGARLATO & CAPPELLO, P.C.**