UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUKHTAR NAHSHAL and MOHAMED NAHSHAL,<br>                              Plaintiffs,<br><br>                     -v-<br><br>BOYISE EDDIE DENMARK and MILLER AUTO LEASING CO.,<br>                              Defendants. | 20-CV-9951 (JPO)<br><br>ORDER |

J. PAUL OETKEN, District Judge:

On November 25, 2020, Defendants removed this case to this Court from New York state court, invoking federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. No. 1.) Because Defendants have not adequately established that the amount in controversy exceeds $75,000, the Court concludes that it lacks subject matter jurisdiction and remands the case to state court *sua sponte*.

I. Discussion

Section 1332(a)(1) provides that district courts have original jurisdiction over cases between "citizens of different States" in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." The removing party has the "burden of proving" that the value of a single plaintiff's claim or aggregated claims is reasonably likely to exceed $75,000. *See Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)); *see also Snyder v. Harris*, 394 U.S. 332, 335 (1969) (recognizing that "a single plaintiff [may] seek[] to aggregate two or more of his own claims against a single defendant" to meet the amount-in-controversy requirement). "[I]f the jurisdictional amount is not clearly alleged in the

1

plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994).

Defendants have not carried their burden of establishing that the jurisdictional amount has been satisfied by any one plaintiff.  As in *Vaghela-Omanoff v. Ryder Truck Rental, Inc.*, where the Court remanded the case to state court *sua sponte*, the underlying complaint neither "allege[s] a damages amount" nor contains "detailed allegations about the facts or the nature of any injuries" for which Plaintiffs claim damages.  No. 19-cv-4390, 2019 WL 2193820, at *2 (S.D.N.Y. May 21, 2019).  Defendants' Notice of Removal "contains no factual allegations supporting any particular damages amount."  *Id*.  Instead, it recites the underlying complaint's demand for "an amount which exceeds the jurisdictional limits of all lower Courts."  (Dkt. No. 1 ¶ 4.)  This boilerplate language, which is "obviously a reference to the lower civil courts of New York (which may not entertain actions seeking more than $25,000)," *Vaghela-Omanoff*, 2019 WL 2193820, at *2, "cannot reasonably be interpreted as alleging damages in excess of $75,000," *Woodley v. Mass. Mut.*, No. 08-cv-949, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008).  Similarly, the underlying complaint's allegation that Plaintiffs each "sustained economic loss greater than basic economic loss" (Dkt. No. 1-1 ¶¶ 33, 48), *i.e.* more than $50,000 per person, N.Y. Ins. Law § 5102(a), does not allow the Court to infer that any one plaintiff seeks damages in excess of $75,000, *Vaghela-Omanoff*, 2019 WL 2193820, at *2; *see also Snyder*, 394 U.S. at 335 ("[T]he separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement.").  The Court lacks subject matter jurisdiction over this case.

Of course, this decision does not preclude Defendants from removing this case in the future based on a proper showing of the amount in controversy. "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010); *see* 28 U.S.C. § 1446(b)(3) & (c)(3). Until Plaintiffs make such a demand, or until Defendants plausibly allege facts showing a reasonable probability that the amount-in-controversy requirement is met, removal is premature and remand is warranted.

## II.  Conclusion

For the foregoing reasons, this case is remanded to New York Supreme Court, New York County, pursuant to 28 U.S.C. § 1447(c).

SO ORDERED.

Dated: December 2, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge